UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATHANIEL GARRETT DENNISON,<br><br>Plaintiff,<br><br>- against -<br><br>THE WASHINGTON TIMES LLC,<br><br>Defendant. | Civil Action No. 1:19-cv-05169-JMF |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant, The Washington Times LLC ("TWT"), moves pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss Plaintiff Nathaniel Garrett Dennison's ("Dennison") Complaint (the "Complaint") for lack of personal jurisdiction. As Dennison acknowledged in his Complaint, TWT is an entity that was formed in Delaware and is based in Washington, D.C. Therefore, there is no proper basis for this Court to exercise jurisdiction over TWT to resolve claims involving a Virginia resident. Even if the Court were to determine that it has jurisdiction over TWT, venue in this Court is not proper and the Court should dismiss the Complaint pursuant to Rule 12(b)(3) for this alternative reason.

### BACKGROUND[1]

Dennison claims to be a professional photographer working in Richmond, Virginia. Compl. at ¶ 5 (attached hereto as Exhibit 1 to the Declaration of Lucas B. Michelen). He further acknowledges that TWT is a domestic limited liability company organized under Delaware law with a principal place of business in Washington, D.C. *Id.* at ¶ 6. According to Dennison, he

---

[1] Where references to the Complaint are made, TWT accepts the allegations as true for purposes of this motion only.

took video at the Unites States-Mexico border and TWT published the video on the website of its Washington D.C. newspaper without his consent. *Id.* at ¶¶ 7, 10.  Dennison has not described any connection that this case has to New York, except to state "[u]pon information and belief" that "Defendant resides and/or transacts business in New York." *Id.* at ¶ 3.  The Court need not credit this allegation as Dennison admitted TWT's place of incorporation (Delaware) and physical address (Washington, D.C.). *Id.* at ¶ 6; *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that court need only accept well-pleaded facts on a motion to dismiss).

## LEGAL STANDARD

"A plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010) ("*Penguin I*") (quoting *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003) (per curiam)).  This requires a plaintiff to make a prima facie showing that jurisdiction exists by pleading facts which, if credited, would establish jurisdiction over the defendant. *Id.* at 35 (citations omitted).

Courts apply the same legal standard for a motion to dismiss for improper venue. *Brown v. Web.com Grp., Inc.*, 57 F. Supp. 3d 345, 353 (S.D.N.Y. 2014).  The plaintiff has the burden of demonstrating that venue is proper and must do so by pleading facts which, when taken in a light most favorable to the plaintiff, are sufficient to establish proper venue. *Id.*

## ARGUMENT

Dennison alleges a single count of copyright infringement under the Copyright Act, 17 U.S.C. §§ 106 and 501.  Compl. at ¶¶ 12–18.  The Copyright Act does not contain a jurisdictional provision; therefore the Court must determine whether it has personal jurisdiction.

Personal jurisdiction may be in the form of general jurisdiction or specific jurisdiction. *Sonterra Capital Master Fund Ltd. v. Credit Suisse Grp. AG*, 277 F. Supp. 3d 521, 586 (S.D.N.Y. 2017).  General jurisdiction is based on the defendant's general contacts with the state (residency or domiciliary status); where a court has general jurisdiction, it has the power to adjudicate a claim regardless of whether subject matter of the suit is related to those contacts.  *Id.* Specific jurisdiction exists when the suit relates to conduct specific to the forum state.  *Id.*  In this case, the Court does not have either general or specific jurisdiction over TWT.

**A.     THE COURT MAY NOT EXERCISE GENERAL JURISDICTION OVER TWT BECAUSE IT IS NEITHER A RESIDENT NOR A DOMICILIARY OF NEW YORK.**

A court may exercise general jurisdiction over a corporate defendant only where the corporation's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State."  *Daimler AG v. Bauman*, 571 U.S. 117, 138–39 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)) (alteration in the original).  Unless exceptional circumstances exist, a corporate defendant is at home where incorporated or where it maintains its principal place of business.  *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016).

Dennison states in the Complaint that "Washington Times is a domestic limited liability company organized and existing under the laws of the State of Delaware, with a place of business at 3600 New York Avenue NE, Washington DC  20002."  Compl. at ¶ 6.  He offers no other facts supporting general personal jurisdiction in New York.  Accordingly, there is no basis for the Court to exercise general jurisdiction over TWT.  *See Daimler AG*, 571 U.S. at 139; *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014).

**B.** **THE COURT MAY NOT EXERCISE SPECIFIC JURISDICTION OVER TWT BECAUSE DENNISON HAS NOT PLED THAT TWT HAS MINIMUM CONTACTS WITH NEW YORK.**

Even if general jurisdiction does not exist, the Court may exercise specific jurisdiction if doing so is authorized by the forum state's long-arm statute and such comports with the Due Process Clause. *Brown*, 814 F.3d at 630. New York Civil Practice Law and Rules ("CPLR") Section 302(a) sets forth the scope of New York's jurisdiction over non-domiciliaries. It states that a New York court may exercise jurisdiction over any non-domiciliary who:

> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
>> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>>
>> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
> 4. owns, uses or possesses any real property situated within the state.

CPLR 302(a). If the Court determines that the long-arm statute applies, it must determine whether the exercise of jurisdiction comports with the Due Process Clause. *Chloe v. Queen Bee of Beverly Hills*, 616 F.3d 158, 164 (2d Cir. 2010). Here, the Complaint does not support the exercise of jurisdiction under either standard.

"To determine the existence of jurisdiction under section 302(a)(1), a court must decide (1) whether the defendant 'transacts any business' in New York and, if so, (2) whether this cause

4

of action 'aris[es] from' such a business transaction." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) (quoting *Deutsche Bank Sec., Inc. v. Montana Bd. of Invs.*, 7 N.Y. 3d 65, 71 (N.Y. 2006)) (alterations in the original). Dennison does not allege that TWT conducts any particular business in New York and there is no basis for the Court to infer that the alleged publication of a video arose from any such business dealings.

There also is no basis for the Court to conclude that TWT committed a tortious act within the state as required by section 302(a)(2). There is no allegation that anyone accessed the allegedly infringing work in New York and, even if there was such an allegation, this would not be sufficient to amount to a tort in New York as courts generally deem infringement via a website "to be committed where the web site is created and/or maintained." *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 567 (S.D.N.Y. 2000) (citing cases).

Any argument that TWT committed a tortious act outside of New York that caused injury to a person or property within New York is equally unavailing. To establish jurisdiction under CPLR 302(a)(3)(ii), the plaintiff must allege that:

> (1) the defendant's tortious act was committed outside New York, (2) the cause of action arose from that act, (3) the tortious act caused an injury to a person or property in New York, (4) the defendant expected or should reasonably have expected that his or her action would have consequences in New York, and (5) the defendant derives substantial revenue from interstate or international commerce.

*Penguin Grp. (USA) Inc. v. Am. Buddha*, 640 F.3d 497, 499 (2d Cir. 2011). Dennison is based in Virginia and therefore there is no basis to infer that the alleged publication caused an injury to a person or property in New York. Compl. at ¶ 5. Likewise, there is no basis in the Complaint to infer that TWT reasonably should have expected that the alleged actions would have consequences in New York. There is also no allegation that TWT derives substantial revenue from interstate or international commerce.

5

Finally, Dennison has not alleged that TWT owns, uses or possesses any real property situated within the state.  Accordingly, there is no basis for finding specific jurisdiction under the New York long-arm statute.

Even if the allegations were sufficient under the long-arm statute (and they are not), the Due Process Clause would preclude the exercise of jurisdiction over TWT.  "To comport with due process, a forum state may exercise jurisdiction over an out-of-state corporate defendant only if the defendant has 'certain minimum contacts with the State such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"  *U.S. Bank Nat'l Ass'n v. Bank of Am. N.A.*, 916 F.3d 143, 149 (2d Cir. 2019) (quoting *Goodyear Dunlop Tires Operations, S.A.*, 564 U.S. at 923) (internal quotations and alterations omitted).  Dennison has not alleged any contacts between TWT and New York and therefore jurisdiction is lacking.

**C.  ALTERNATIVELY, EVEN IF THE COURT DETERMINES THAT IT HAS JURISDICTION, IT SHOULD DISMISS THE CASE FOR IMPROPER VENUE.**

Even if the Court concludes that it has jurisdiction (and it does not), the Court should nevertheless dismiss the case for improper venue because the matter has no reasonable connection to the Southern District of New York.

In support of venue, Dennison alleged only that venue is proper in this district pursuant to 28 U.S.C. § 1391(b).  Compl. at ¶ 4.  Under that provision, a civil action may be brought in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
> (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. §1391(b).  As stated above, Dennison concedes that TWT does not reside in New York, Compl. at ¶ 6, and therefore subsection (1) is inapplicable.  Dennison also does not

describe a single action or event that occurred in New York, and therefore venue is not proper under subsection (2). Finally, this action plainly could have been brought in the District of Columbia where TWT resides and there is no basis for asserting that TWT can be found in New York. Dennison's conclusory allegation that venue is proper in this Court under § 1391(b) is plainly and demonstrably wrong and the case should be dismissed under Rule 12(b)(3).

## CONCLUSION

Dennison's lawsuit, which alleges copyright infringement by a Washington, D.C. newspaper of a Virginia resident's video of incidents occurring in California has no place in this Court. For all of the reasons stated above, TWT respectfully submits that the Court should dismiss the Complaint.

Dated: New York, New York
       June 25, 2019

DRINKER BIDDLE & REATH LLP

By: */s/ Lucas B. Michelen*
    Lucas B. Michelen
    1177 Avenue of the Americas,
    41st Floor
    New York, NY  10036
    (212) 248-3140
    lucas.michelen@dbr.com

    *Attorney for Defendant*
    *The Washington Times LLC*

7